**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC.<br><br>    Plaintiff,<br>              v.<br><br>NTI CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 2:13-cv-793<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff InMotion Imagery Technologies, LLC (hereinafter, "InMotion" or "Plaintiff") by and through its undersigned counsel, files this Complaint against Defendant NTI Corporation ("NTI" or "Defendant"), as follows:

**NATURE OF THE ACTION**

1.       This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,526,219 (hereinafter, the "'219 Patent"), entitled "Picture-Based Video Indexing System", and United States Patent No. 8,150,239, also entitled "Picture-Based Video Indexing System" (hereinafter, the "'239 Patent") (collectively, referred to as the "Patents-in-Suit").  A copy of the '219 Patent and the '239 Patent is attached hereto as Exhibit A and Exhibit B, respectively.  Plaintiff is the assignee of both the Patents-in-Suit.  Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2.       Plaintiff InMotion is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 104 East Houston Street, Suite

#175, Marshall, Texas 75670. Plaintiff is the owner by assignment of the Patents-in-Suit. Plaintiff is the owner of all rights, title and interest in and to the Patents-in-Suit. Plaintiff possesses all rights to sue and recover for past and future damages.

4. Upon information and belief, Defendant NTI is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 9999 Muirlands Boulevard, Irvine, California 92618.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and, Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

7. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern

District of Texas. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respectively Defendant's products and services in the State of Texas and in the Eastern District of Texas.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,526,219 BY NTI

9. United States Patent No. 6,526,219, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on February 25, 2003 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '219 Patent and possesses all rights of recovery under the '219 Patent including the right to sue for infringement and recover past and future damages.

10. Upon information and belief, NTI has infringed and continues to infringe one or more claims of the '219 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, products capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, including but not limited to its Media Maker software.

11. Upon information and belief, NTI has induced and continues to induce infringement of one or more claims of the '219 Patent in this district and elsewhere in the United States, by, among other things, actively and successfully encouraging, instructing, enabling, and otherwise causing end users and/or customers to use its products capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery,

3

such as in its Media Maker software, in a manner which infringes the '219 Patent. NTI has had knowledge of the '219 Patent as of the commencement of this action at least and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '219 patent. Upon information and belief, NTI has specifically intended that its end users and/or customers use the accused products in such a way that infringes the '219 Patent by, at minimum, providing instructions and/or user manuals to its end users and/or customers on how to use the accused products in such a way that infringes the '219 Patent and knew or should have known that its actions, including, but not limited to providing such instructions and/or user manuals, would induce, have induced, and will continue to induce infringement by end users and/or customers.

12.   Upon information and belief, NTI has contributed to and continues to contribute to the infringement of one or more claims of the '219 Patent by offering to sell, and selling (directly or through intermediaries), to end users and/or customers, in this district and elsewhere in the United States, its products that constitute a component of a machine, manufacture, combination or composition covered by the '219 Patent, constituting a material part of the invention, and that end users and/or customers have utilized said products in a manner that infringes one or more claims of the '219 Patent. Upon information and belief, NTI has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its products that are capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, are especially made and/or adapted for use(s) that infringe one or more claims of the '219 Patent and are, therefore not staple articles or commodities of commerce suitable for substantial noninfringing use.

13. NTI's aforesaid activities have been without authority and/or license from Plaintiff.

14. Plaintiff is entitled to recover from NTI the damages sustained by Plaintiff as a result of NTI's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. NTI's infringement of Plaintiff's exclusive rights under the '219 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 8,150,239
## BY NTI

16. United States Patent No. 8,150,239, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on April 3, 2012 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '239 Patent and possesses all rights of recovery under the '239 Patent including the right to sue for infringement and recover past and future damages.

17. Upon information and belief, NTI has infringed and continues to infringe one or more claims of the '239 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, products capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, including but not limited to its Media Maker software.

18. Upon information and belief, NTI has induced and continues to induce infringement of one or more claims of the '239 Patent in this district and elsewhere in the United

5

States, by, among other things, actively and successfully encouraging, instructing, enabling, and otherwise causing end users and/or customers to use its products capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, such as in its Media Maker software, and other similar products, in a manner which infringes the '239 Patent.  NTI has had knowledge of the '239 Patent as of the commencement of this action at least and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '239 Patent.  Upon information and belief, NTI has specifically intended that its end users and/or customers use the accused products in such a way that infringes the '239 Patent by, at minimum, providing instructions and/or user manuals to its end users and/or customers on how to use the accused products in such a way that infringes the '239 Patent and knew or should have known that its actions, including, but not limited to providing such instructions and/or user manuals, would induce, have induced, and will continue to induce infringement by end users and/or customers.

19.   Upon information and belief, NTI has contributed to and continues to contribute to the infringement of one or more claims of the '239 Patent by offering to sell, and selling (directly or through intermediaries), to end users and/or customers, in this district and elsewhere in the United States, its product that constitutes a component of a machine, manufacture, combination or composition covered by the '239 Patent, constituting a material part of the invention, and that end users and/or customers have utilized said products in a manner that infringes one or more claims of the '239 Patent.  Upon information and belief, NTI has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its products that are capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, are especially made

and/or adapted for use(s) that infringe one or more claims of the '239 Patent and are, therefore not staple articles or commodities of commerce suitable for substantial noninfringing use.

20.     NTI's aforesaid activities have been without authority and/or license from Plaintiff.

21.     Plaintiff is entitled to recover from the NTI the damages sustained by Plaintiff as a result of NTI's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22.     NTI's infringement of Plaintiff's exclusive rights under the '239 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

23.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

24.     Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

    A.     An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the Patents-in-Suit;

D. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E. Any further relief that this Court deem just and proper.

Dated:  October 4, 2013　　　　　　　　　　Respectfully submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM P.C.**
111 W. Tyler St.
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

**Of Counsel:**

James F. McDonough, III
Georgia State Bar No. 117088
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope – Suite 4320
Atlanta, Georgia  30339
Telephone: (404) 996-0869
Facsimile: (205) 547-5504
Email:  jmcdonough@hgdlawfirm.com

M. Blair Clinton
*Admitted Pro Hac Vice*
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35202
Telephone: (205) 327-9116
Facsimile: (205) 380-8082
Email: bclinton@hgdlawfirm.com

*Attorneys for Plaintiff*
*InMotion Imagery Technologies, LLC*